Cody Jay Brownstein
Email: me@brownstein.co
1117 City Lights Dr
Aliso Viejo CA 92656
Phone: 310-874-8743

Plaintiff, pro se

FF PAID, SUMMONS ISSUED

**F I L E D**
CLERK, U.S. DISTRICT COURT
05/06/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_IGU\_\_\_\_\_ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY JAY BROWNSTEIN,<br><br>    Plaintiff,<br><br>    vs.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT; and<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>    Defendants. | Case No.  8:24-CV-00970-SSS(AS)<br><br>COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND COMPENSATORY DAMAGES<br><br>[42 U.S.C. Section 1983] |

1. This action concerns the violation of Plaintiff Cody Jay Brownstein's rights guaranteed under the Second and Fourteenth Amendments to the Constitution of the United States, as well as the violation of his rights guaranteed under Article 1, Section 7 of the State of California Constitution. Specifically, this action concerns: (1) the denial of Plaintiff's CCW license application by Defendant Orange County Sheriff's Department (OCSD) without due process being

COMPLAINT - 1

afforded to Plaintiff; and (2) violation of Plaintiff's due process rights by denying Plaintiff's CCW application partially based on Section 26202(a)(3) of the California Penal Code. (Section 26202(a)(3) of the California Penal Code provides generally that a person subject to a restraining order or protective order in the 5 years preceding their application for a CCW license is disqualified from receiving a CCW license, even if the restraining order expired and regardless of how it was issued.)

2. Defendant Rob Bonta (AG Bonta) is sued only in his official capacity as Attorney General of the State of California and, in that capacity, as the chief law officer of the State responsible for enforcing the laws of the State, including Section 26202(a)(3) of the California Penal Code.

3. On January 1, 2024, Plaintiff applied to the OCSD for a CCW license by submitting an entirely completed "BOF 4012" form to the OCSD via the OCSD's online Permitium system. All of the information Plaintiff provided in the form was true, including information about his criminal history, restraining order history, and residence history.

4. On January 2, 2024, Plaintiff wrote a letter to the OCSD to supplement the information he provided in his BOF 4012 form, specifically, information regarding his criminal history and character references.

5. On February 5, 2024, Plaintiff submitted his fingerprints to the California Department of Justice, as required by Section 26185(a)(1) of the California Penal Code, via Live Scan.

6. On February 13, 2024, Plaintiff wrote a letter to the OCSD to further supplement the information provided in his BOF 4012 form, specifically, regarding his employer's address, history of restraining

COMPLAINT - 2

orders, and mental illness history; and to correct the phone number provided for a character reference. Plaintiff explained that the temporary restraining order (TRO) he disclosed in his BOF 4012 form was issued after an ex parte application was made without him having been given prior notice, the TRO expired on May 3, 2022, and after a hearing on that same day, no further restraining order was issued. Plaintiff also asked in his letter for an additional firearm to be added to his application.

7. As the TRO was applied for without notice to Plaintiff and without his opportunity to oppose issuance of the TRO, the constitutionally guaranteed due process rights of Plaintiff are violated by allowing the TRO to have any effect after it expired.

8. On April 7, 2024, Plaintiff wrote a letter to the OCSD solely to request that another firearm be added to his application.

9. On April 8, 2024, Plaintiff received an email from the OCSD, stating in pertinent part: "In processing your application we have come across a past arrest/conviction/formal charge on your record that was not disclosed; Past Temporary Restraining Orders and 5 year past residency history. We cannot proceed forward with this application as you are required to answer the listed questions truthfully."

10. Under Section 26202(a) of the California Penal Code, none of the reasons cited by the OCSD for rejection of Plaintiff's application, except for "Past Temporary Restraining Orders," is a valid basis for rejecting Plaintiff's application.

11. On the same day, April 8, 2024, Plaintiff wrote a letter to the OCSD explaining the inaccuracies in the email the OCSD sent. In the same letter, Plaintiff requested that the OCSD approve his

COMPLAINT - 3

application for a CCW license or, if the OCSD couldn't do that after considering Plaintiff's letter, allow him to appeal the rejection of his application. Plaintiff further stated in his letter: "Should the Orange County Sheriff's Department not have a process for appealing rejections of CCW applications, I'm requesting that I be provided with the 'Request for Hearing to Challenge Disqualified Person Determination' form identified in Penal Code section 26206."

12. On the same day, April 8, 2024, the OCSD replied by email with only, in pertinent part: "Dear applicant, you may reapply and please ensure you read the questions and input your yes answers with an explanation." Other than this email, the OCSD has not contacted Plaintiff by any means. The OCSD never provided Plaintiff with the "'Request for Hearing to Challenge Disqualified Person Determination" form he requested, even though the OCSD was required to under Section 26206(a) of the California Penal Code.

13. On the same day, April 8, 2024, Plaintiff located on the Internet the "Request for Hearing to Challenge Disqualified Person Determination" form, completed the form, and mailed it to the Orange County Superior Court for filing.

14. On April 19, 2024, Plaintiff called the Orange County Superior Court to find out if his form was filed. He was informed by the representative he spoke with that it can take 4 to 6 weeks to process the form and there is no guarantee the form would be deemed filed as of the date it was received. If the form is processed and deemed filed 4 to 6 weeks after it was received, it would be untimely filed under Section 26206(c) of the California Penal Code. As of today, the form has not been filed and a hearing has not been set as required under Section 26206(d)(1) of the California Penal Code.

COMPLAINT - 4

15. Plaintiff still has not been issued the CCW license he applied for.

### Prayer for Relief

Based on the above factual statements, Plaintiff prays for:

1. Injunctive relief, namely, an order directing the OCSD to immediately issue a CCW license to Plaintiff and an order enjoining AG Bonta and persons under his supervision from enforcing Section 26202(a)(3) of the California Penal Code;

2. Declaratory relief, namely, a declaration that enforcement of Section 26202(a)(3) of the California Penal Code is unconstitutional;

3. Compensatory damages according to proof;

4. Reasonable attorney's fees should such fees be incurred;

5. Costs of prosecuting this action; and

6. Any other relief the Court deems proper.

Dated this 3rd day of May, 2024

/s/ Cody Jay Brownstein
_____
Cody Jay Brownstein, Plaintiff, pro se

COMPLAINT - 5