Cody Jay Brownstein
Email: me@brownstein.co
1117 City Lights Dr
Aliso Viejo CA 92656
Phone: 310-874-8743

Plaintiff, pro se

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CODY JAY BROWNSTEIN,<br><br>  Plaintiff,<br><br>  vs.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT; and<br><br>ROB BONTA, in his official capacity as Attorney General of the State of California,<br><br>  Defendants. | Case No. 8:24-CV-00970-SSS (AS)<br><br>FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND COMPENSATORY DAMAGES<br><br>[42 U.S.C. Section 1983] |

1.  This action concerns the violation of Plaintiff Cody Jay Brownstein's rights guaranteed under the Second and Fourteenth Amendments to the Constitution of the United States, as well as the violation of his rights guaranteed under Article 1, Section 7 of the State of California Constitution. Specifically, this action concerns: (1)

FIRST AMENDED COMPLAINT - 1

the denial of Plaintiff's CCW license application by Defendant Orange County Sheriff's Department (OCSD) without due process being afforded to Plaintiff; and (2) violation of Plaintiff's due process rights by denying Plaintiff's application for a CCW license based on Section 26202(a)(3) of the California Penal Code. (Section 26202(a)(3) of the California Penal Code provides generally that a person subject to a restraining order or protective order in the 5 years preceding their application for a CCW license is disqualified from receiving a CCW license, even if the restraining order expired and regardless of how it was issued.)

2. Defendant Rob Bonta (AG Bonta) is sued only in his official capacity as Attorney General of the State of California and, in that capacity, as the chief law officer of the State responsible for enforcing the laws of the State, including Section 26202(a)(3) of the California Penal Code.

3. On January 1, 2024, Plaintiff applied to the OCSD for a CCW license by submitting an entirely completed "BOF 4012" form to the OCSD via the OCSD's online Permitium system. All of the information Plaintiff provided in the form was true, including information about his criminal history, restraining order history, and residence history.

4. On January 2, 2024, Plaintiff wrote a letter to the OCSD to supplement the information he provided in his BOF 4012 form, specifically, information regarding his criminal history and character references.

5. On February 5, 2024, Plaintiff submitted his fingerprints to the California Department of Justice, as required by Section 26185(a)(1) of the California Penal Code, via Live Scan.

FIRST AMENDED COMPLAINT - 2

6. On February 13, 2024, Plaintiff wrote a letter to the OCSD to further supplement the information provided in his BOF 4012 form, specifically, regarding his employer's address, history of restraining orders, and mental illness history; and to correct the phone number provided for a character reference. Plaintiff explained that the temporary restraining order (TRO) he disclosed in his BOF 4012 form was issued after an ex parte application was made without him having been given prior notice, the TRO expired on May 3, 2022, and after a hearing on that same day, no further restraining order was issued. Plaintiff also asked in his letter for an additional firearm to be added to his application.

7. As the TRO was applied for without notice to Plaintiff and without his opportunity to oppose issuance of the TRO, the constitutionally guaranteed due process rights of Plaintiff are violated by allowing the TRO to have any effects after it expired.

8. On April 7, 2024, Plaintiff wrote a letter to the OCSD solely to request that another firearm be added to his application.

9. On April 8, 2024, Plaintiff received an email from the OCSD, stating in pertinent part: "In processing your application we have come across a past arrest/conviction/formal charge on your record that was not disclosed; Past Temporary Restraining Orders and 5 year past residency history. We cannot proceed forward with this application as you are required to answer the listed questions truthfully."

10. Under Section 26202(a) of the California Penal Code, none of the reasons cited by the OCSD for rejection of Plaintiff's application, except for "Past Temporary Restraining Orders," was a valid basis for rejecting Plaintiff's application. Moreover, no law

FIRST AMENDED COMPLAINT - 3

1 authorized the OCSD to decide on its own that it couldn't proceed
2 forward with Plaintiff's application, as opposed to determining that
3 Plaintiff is disqualified under Section 26202 of the California Penal
4 Code from being issued a CCW license.

5     11. The OCSD, by deciding on its own to stop processing
6 Plaintiff's application without the legal authority to do so, violated
7 Plaintiff's rights under the Second and Fourteenth Amendments to the
8 United States Constitution and his rights under Article 1, Section 7 of
9 the California Constitution.

10     12. On the same day, April 8, 2024, Plaintiff wrote a letter to
11 the OCSD explaining the inaccuracies in the email the OCSD sent. In
12 the same letter, Plaintiff requested that the OCSD approve his
13 application for a CCW license or, if the OCSD couldn't do that after
14 considering Plaintiff's letter, allow him to appeal the rejection of his
15 application. Plaintiff further stated in his letter: "Should the Orange
16 County Sheriff's Department not have a process for appealing
17 rejections of CCW applications, I'm requesting that I be provided with
18 the 'Request for Hearing to Challenge Disqualified Person
19 Determination' form identified in Penal Code section 26206."

20     13. On the same day, April 8, 2024, the OCSD replied by email
21 with only, in pertinent part: "Dear applicant, you may reapply and
22 please ensure you read the questions and input your yes answers with
23 an explanation."

24     14. On the same day, April 8, 2024, Plaintiff located on the
25 Internet the "Request for Hearing to Challenge Disqualified Person
26 Determination" form, completed the form, and mailed it to the Orange
27 County Superior Court for filing.
28

FIRST AMENDED COMPLAINT - 4

15. On April 19, 2024, Plaintiff called the Orange County Superior Court to find out if his form was filed. He was informed by the representative he spoke with that it could take 4 to 6 weeks to process the form and there was no guarantee the form would be deemed filed as of the date it was received.

16. This form was never filed and a hearing was never set as required under Section 26206(d)(1) of the California Penal Code, presumably because the OCSD simply decided on its own to stop processing Plaintiff's application for a CCW license, as opposed to determining that Plaintiff is disqualified from being issued a CCW license, as discussed above.

17. On May 6, 2024, Plaintiff initiated the present action.

18. On May 15, 2024, AG Bonta was served with the summons and complaint filed in this action.

19. On May 16, 2024, the OCSD was served with the summons and complaint filed in this action.

20. On May 28, 2024, nearly 2 months after the OCSD was required to do so under Section 26202(d) of the California Penal Code, the OCSD formally denied Plaintiff's application for a CCW license. Notably, the OCSD didn't formally determine Plaintiff is disqualified from being issued a CCW license until the OCSD was served with the summons and complaint filed in this action. Further, under Section 26206 of the California Penal Code, Plaintiff couldn't have requested a hearing earlier to challenge the determination because the determination hadn't yet been made.

21. By delaying the formal determination that Plaintiff is disqualified from being issued a CCW license and subsequently denying his application, the OCSD violated Plaintiff's rights under the

FIRST AMENDED COMPLAINT - 5

Second and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Section 7 of the California Constitution.

22. On June 4, 2024, the Orange County Superior Court accepted for filing Plaintiff's new request for a hearing to challenge the determination that he's disqualified from being issued a CCW license, and set a hearing for August 2, 2024.

23. On June 15, 2024, Plaintiff completed the training required under Section 26165 of the California Penal Code.

24. On August 2, 2024, the Orange County Superior Court held a hearing and upheld the determination that Plaintiff is disqualified from being issued a CCW license.

25. Plaintiff still has not been issued the CCW license he applied for. He has satisfied all of the requirements for issuance of a CCW license and is denied issuance only because of the determination that he's disqualified under Section 26202(a)(3) of the California Penal Code.

## Prayer for Relief

Based on the above factual statements, Plaintiff prays for:

1. Injunctive relief, namely, an order directing the OCSD to immediately issue a CCW license to Plaintiff and an order enjoining AG Bonta and persons under his supervision from enforcing Section 26202(a)(3) of the California Penal Code;

2. Declaratory relief, namely, a declaration that enforcement of Section 26202(a)(3) of the California Penal Code is unconstitutional;

3. Compensatory damages according to proof;

4. Reasonable attorney's fees should such fees be incurred;

5. Costs of prosecuting this action; and

6. Any other relief the Court deems proper.

Dated this 18th day of August, 2024

/s/ Cody Jay Brownstein

Cody Jay Brownstein, Plaintiff, pro se

FIRST AMENDED COMPLAINT - 7