ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General
IRAM HASAN
Deputy Attorney General
State Bar No. 320802
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 510-3793
  Fax:  (415) 703-5480
  E-mail:  Iram.Hasan@doj.ca.gov
*Attorneys for Defendant Rob Bonta, in his official capacity as California Attorney General*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CODY JAY BROWNSTEIN,**<br><br>Plaintiff,<br><br>v.<br><br>**ORANGE COUNTY SHERIFF'S DEPARTMENT and ROB BONTA, in his official capacity as Attorney General of the State of California,**<br><br>Defendants. | 8:24-cv-00970-SSS-AS<br><br>**DEFENDANT ROB BONTA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND COMPENSATORY DAMAGES**<br><br>Judge: The Honorable Sunshine Sykes<br>Trial Date: None set<br>Action Filed: May 6, 2024 |

    Defendant Rob Bonta, in his official capacity as Attorney General of the State of California, answers Plaintiff Brownstein's first amended complaint (FAC) as follows:

    1.    To the extent the allegations in paragraph 1 are Plaintiff's characterization of his case and his summary and conclusions of law, no answer is required.  To the extent paragraph 1 contains any factual allegations, the Attorney General lacks sufficient information to form a belief as to the truth of those allegations, and on that basis denies the allegations in paragraph 1.  Except as

1 specifically admitted, the Attorney General denies the allegations in paragraph 1.

2. The Attorney General admits that he is generally responsible for enforcing the laws of the State of California, including Penal Code section 26202(a)(3). The Attorney General further admits that he is sued only in his official capacity. Except as specifically admitted, the Attorney General denies the allegations in paragraph 2.

3. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 3, and on that basis denies the allegations in paragraph 3.

4. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 4, and on that basis denies the allegations in paragraph 4.

5. To the extent the allegations in paragraph 5 are Plaintiff's conclusions of law, no answer is required. The Attorney General admits that Plaintiff submitted his fingerprints to the Department of Justice via Live Scan on February 5, 2024. Except as specifically admitted, the Attorney General denies the allegations in paragraph 5.

6. To the extent the allegations in paragraph 6 are Plaintiff's characterization of his case and conclusions of law, no answer is required. To the extent paragraph 6 contains any factual allegations, Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 6, and on that basis denies the allegations in paragraph 6. Except as specifically admitted, the Attorney general denies the allegations in paragraph 6.

7. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 7, and on that basis denies the allegations in paragraph 7.

8. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 8, and on that basis denies the allegations in

paragraph 8.

9. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 9, and on that basis denies the allegations in paragraph 9.

10. To the extent the allegations in paragraph 10 are Plaintiff's characterization of his case and conclusions of law, no answer is required. To the extent paragraph 10 contains any factual allegations, the Attorney General lacks sufficient information to form a belief as to the truth of those allegations, and on that basis denies the allegations in paragraph 10. Except as specifically admitted, the Attorney General denies the allegations in paragraph 10.

11. To the extent the allegations in paragraph 11 are Plaintiff's characterization of his case and conclusions of law, no answer is required. To the extent paragraph 11 contains any factual allegations, the Attorney General lacks sufficient information to form a belief as to the truth of those allegations, and on that basis denies the allegations in paragraph 11. Except as specifically admitted, the Attorney general denies the allegations in paragraph 11.

12. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies the allegations in paragraph 12.

13. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 13, and on that basis denies the allegations in paragraph 13.

14. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 14, and on that basis denies the allegations in paragraph 14.

15. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 15, and on that basis denies the allegations in paragraph 15.

16. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 16, and on that basis denies the allegations in paragraph 16.

17. The Attorney General admits that the docket in this matter reflects that Plaintiff's original complaint was filed on May 6, 2024, and the FAC was filed on August 18, 2024. Except as specifically admitted, the Attorney General denies the allegations in paragraph 17.

18. The Attorney General admits that the California Department of Justice was served with Plaintiff's original complaint and summons on May 15, 2024, and the Attorney General's counsel received electronic notification that the FAC was filed on August 18, 2024. Except as specifically admitted, the Attorney General denies the allegations in paragraph 18.

19. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 19, and on that basis denies the allegations in paragraph 19.

20. To the extent the allegations in paragraph 20 are Plaintiff's characterization of his case and conclusions of law, no answer is required. The Attorney General lacks sufficient information to form a belief as to the truth of the allegations in paragraph 20, and on that basis denies the allegations in paragraph 20. Except as specifically admitted, the Attorney General denies the allegations in paragraph 20.

21. To the extent the allegations in paragraph 21 are Plaintiff's characterization of his case and conclusions of law, no answer is required. To the extent paragraph 21 contains any factual allegations, the Attorney General lacks sufficient information to form a belief as to the truth of those allegations, and on that basis denies the allegations in paragraph 21. Except as specifically admitted, the Attorney General denies the allegations in paragraph 21.

22. The Attorney General admits that the Superior Court of California,

1  County of Orange issued a minute order on August 6, 2024, with respect to *People*
2  *of the State of California vs. Brownstein*, case number 30-2024-01403673-CU-JR-
3  C-JC, and the order states that the case was initiated on June 4, 2024. To the extent
4  paragraph 22 contains any factual allegations, the Attorney General lacks sufficient
5  information to form a belief as to the truth of those allegations, and on that basis
6  denies the allegations in paragraph 22. Except as specifically admitted, the
7  Attorney General denies the allegations in paragraph 22.
8       23. The Attorney General lacks sufficient information to form a belief as to
9  the truth of the allegations in paragraph 23, and on that basis denies the allegations
10 in paragraph 23.
11      24. The Attorney General admits that the Superior Court of California,
12 County of Orange issued a minute order on August 6, 2024, with respect to *People*
13 *of the State of California vs. Brownstein*, case number 30-2024-01403673-CU-JR-
14 C-JC. The Attorney General further admits that the minute order states in part that
15 "[t]he People have met their burden by a preponderance of the evidence that the
16 applicant is a disqualified person in accordance with Section 26202 of the Penal
17 Code." To the extent paragraph 24 contains any factual allegations, the Attorney
18 General lacks sufficient information to form a belief as to the truth of those
19 allegations, and on that basis denies the allegations in paragraph 24. Except as
20 specifically admitted, the Attorney General denies the allegations in paragraph 24.
21      25. To the extent the allegations in paragraph 25 are Plaintiff's
22 characterization of his case and conclusions of law, no answer is required. To the
23 extent paragraph 25 contains any factual allegations, the Attorney General lacks
24 sufficient information to form a belief as to the truth of those allegations, and on
25 that basis denies the allegations in paragraph 25. Except as specifically admitted,
26 the Attorney General denies the allegations in paragraph 25.
27      26. The Attorney General denies that Plaintiff is entitled to any of the relief
28 requested on page 6, lines 19-28, or page 7, lines 1-2, or any relief whatsoever. To

the extent Plaintiff's Prayer for Relief contains any allegations to which a response is required, the Attorney General denies them.

**AFFIRMATIVE DEFENSES**

In addition to the foregoing responses to the FAC, and without admitting any allegations therein, the Attorney General asserts the following affirmative defenses based on information and belief:

**FIRST AFFIRMATIVE DEFENSE**

The FAC, and each claim for relief alleged in the FAC, fails to state facts sufficient to constitute a cause of action against the Attorney General.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff fails to satisfy his burden of proof to support a facial constitutional challenge to California state law.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he lacks standing to bring them.

**FOURTH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in the FAC, is improper because Plaintiff has an adequate remedy at law.

**FIFTH AFFIRMATIVE DEFENSE**

The FAC, and each cause of action alleged in the FAC, is barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent the Attorney General has undertaken any conduct with regard to the subjects and events underlying the FAC, such conduct was, at all times material to this case, undertaken in good faith and in reasonable reliance on existing law.

**SEVENTH AFFIRMATIVE DEFENSE**

The Attorney General has not knowingly or intentionally waived any applicable affirmative defense. The Attorney General reserves the right to assert and reply upon other such affirmative defenses as may become available or

apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer or affirmative defenses accordingly. The Attorney General further reserves the right to amend the Answer to delete affirmative defenses that he determines are not applicable after subsequent discovery.

## PRAYER FOR RELIEF

Defendant respectfully requests that:

1. Plaintiff takes nothing by the FAC;

2. Judgment be entered in favor of the Attorney General;

3. The Attorney General be awarded costs incurred in defending this action; and

4. The Attorney General be awarded such further relief that the Court may deem just and proper.

Dated: September 20, 2024

Respectfully submitted,

ROB BONTA
Attorney General of California
R. MATTHEW WISE
Supervising Deputy Attorney General

*/s/ Iram Hasan*
IRAM HASAN
Deputy Attorney General
*Attorneys for Defendant Rob Bonta, in his official capacity as California Attorney General*

SA2024900210
44330689.docx

# CERTIFICATE OF SERVICE

Case Name:  ***Brownstein v. Orange County Sheriff's Department, et al.***
Case No.   **8:24-cv-00970-SSS-AS**

I hereby certify that on September 20, 2024, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANT ROB BONTA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF, DECLARATORY RELIEF, AND COMPENSATORY DAMAGES**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on September 20, 2024, at San Francisco, California.

B. Chung
Declarant

*[signature]*
Signature

SA2024900210
44330669.docx