LEON J. PAGE, COUNTY COUNSEL
KAYLA N. WATSON, SENIOR DEPUTY – State Bar No. 286423
CAROLYN KHOUZAM, DEPUTY – State Bar No. 272166
400 W. Civic Center Drive, Suite 202
Post Office Box 1379
Santa Ana, California 92702-1379
Telephone: (714) 834-3300
Facsimile: (714) 834-2359
Email: kayla.watson@coco.ocgov.com
       carolyn.khouzam@coco.ocgov.com

Attorneys for Defendant
ORANGE COUNTY SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| CODY JAY BROWNSTEIN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ORANGE COUNTY SHERIFF'S DEPARTMENT; and ROB BONTA, in his official capacity as Attorney General of the State of California.<br><br>　　　　Defendant. | Case No. 8:24-cv-00970-SSS-AS<br><br>Assigned to the Honorable Sunshine Suzanne Sykes<br><br>**DEFENDANT ORANGE COUNTY SHERIFF'S DEPARTMENT'S ANSWER TO FIRST AMENDED COMPLAINT**<br><br>Magistrate Judge:　Alka Sagar<br><br>Trial Date:　None set<br><br>Action Filed: May 6, 2024 |

　　　　Defendant Orange County Sheriff's Department (hereinafter referred to as "OCSD"), submits this answer in response to the Plaintiff's First Amended Complaint (hereinafter "FAC") filed on August 18, 2024. [ECF No. 18.] For the convenience of the Court and the parties, OCSD utilizes the same headings as set forth in the FAC. In doing

1

so, OCSD neither admits nor denies any allegations that may be suggested by the FAC's headings. OCSD hereby answers the FAC in corresponding paragraphs, as follows:

## INTRODUCTION

1. Responding to paragraph 1, OCSD admits that this paragraph contains Plaintiff's characterization of this action, to which no response is required; to the extent a response is required, OCSD denies each and every allegation therein.

2. Responding to paragraph 2, OCSD admits that the Attorney General is generally responsible for enforcing the laws of the State of California, including Penal Code section 26202(a)(3). OCSD further admits that the Attorney General is sued only in his official capacity. Except as specifically admitted, OCSD denies the allegations in paragraph 2.

3. Responding to paragraph 3, OCSD admits that Plaintiff applied for a CCW license in January of 2024. As to the remaining allegations in this paragraph, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained therein, and on that basis denies each and every allegation.

4. Responding to paragraph 4, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

5. Responding to paragraph 5, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

6. Responding to paragraph 6, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

7. Responding to paragraph 7, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

8. Responding to paragraph 8, OCSD admits that Plaintiff wrote various letters at various points in time regarding his CCW application.  However, as to the remaining allegations contained in this paragraph, OCSD lacks sufficient knowledge or information to respond to each factual allegation, and on that basis denies each and every allegation contained therein.

9. Responding to paragraph 9, OCSD admits informing Plaintiff that OCSD discovered a temporary restraining order on his record within the past 5 years and that because of such, OCSD could not proceed with his CCW application.  As to the remaining allegations contained in this paragraph, OCSD lacks sufficient knowledge or information to respond to each factual allegation, and on that basis denies each and every allegation contained therein.

10. Responding to paragraph 10, this paragraph consists of Plaintiff's characterization of the case, legal contentions, and/or conclusions of law to which no response is required.  To the extent a response is required, OCSD denies each and every allegation contained in this paragraph.

11. Responding to paragraph 11, this paragraph consists of Plaintiff's characterization of the case, legal contentions, and/or conclusions of law to which no response is required.  To the extent a response is required, OCSD denies each and every allegation contained in this paragraph.

12. Responding to paragraph 12, OCSD admits that Plaintiff wrote several correspondences to OCSD regarding his CCW application.  As to the remaining allegations contained in this paragraph, OCSD lacks sufficient knowledge or information to respond to each factual allegation, and on that basis denies each and every allegation contained therein.

13. Responding to paragraph 13, OCSD admits informing Plaintiff that he may reapply for a CCW license.  As to the remaining allegations contained in this paragraph, OCSD lacks sufficient knowledge or information to respond to each factual allegation, and on that basis denies each and every allegation contained therein.

14. Responding to paragraph 14, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

15. Responding to paragraph 15, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

16. Responding to paragraph 16, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

17. Responding to paragraph 17, OCSD admits that Plaintiff initiated this action on May 6, 2024.

18. Responding to paragraph 18, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

19. Responding to paragraph 19, OCSD admits the allegation contained herein.

20. Responding to paragraph 20, OCSD admits that OCSD sent a letter on May 28, 2024, informing Plaintiff that his application for a CCW license was denied pursuant to Penal Code section 26202. The remaining allegations in this paragraph consist of Plaintiff's characterization of this action, legal contentions, and/or conclusions of law to which no response is required. To the extent a response is required, OCSD denies each and every remaining allegation contained in this paragraph.

21. Responding to paragraph 21, this paragraph consists of Plaintiff's characterization of this action, legal contentions, and/or conclusions of law to which no response is required. To the extent a response is required, OCSD denies each and every allegation contained in this paragraph.

22. Responding to paragraph 22, OCSD admits that the Superior Court of California, County of Orange issued a minute order on August 6, 2024, with respect to *People of the State of California vs. Brownstein*, case number 30-2024-01403673-CU-JR-

OFFICE OF THE COUNTY COUNSEL
COUNTY OF ORANGE

1  C-JC, and the order states that the case was initiated on June 4, 2024. To the extent paragraph 22 contains any factual allegations, OCSD lacks sufficient knowledge or information to respond to each remaining allegation, and on that basis denies the remaining allegations contained therein.

23. Responding to paragraph 23, OCSD lacks sufficient knowledge or information to respond to each factual allegation contained in this paragraph, and on that basis denies each and every allegation contained therein.

24. Responding to paragraph 24, OCSD admits that the Superior Court of California, County of Orange issued a minute order on August 6, 2024, with respect to *People of the State of California vs. Brownstein*, case number 30-2024-01403673-CU-JR-C-JC. OCSD further admits that the minute order states in part that "[t]he People have met their burden by a preponderance of the evidence that the applicant is a disqualified person in accordance with Section 26202 of the Penal Code." To the extent paragraph 24 contains any factual allegations, OCSD lacks sufficient knowledge information to respond to each remaining allegation, and on that basis denies the remaining allegations contained therein.

25. Responding to paragraph 25, this paragraph consists of Plaintiff's characterization of his case and conclusions of law, no answer is required. To the extent paragraph 25 contains any factual allegations, OCSD admits that Plaintiff was not issued a CCW license because he is disqualified pursuant to Penal Code section 26202. As to the remaining allegations, OCSD lacks sufficient knowledge or information to respond to each remaining allegation contained therein, and on that basis denies each and every remaining allegation.

**ANSWER TO PRAYER FOR RELIEF**

OCSD denies that Plaintiff is entitled to any of the relief requested in the FAC, or any relief whatsoever. To the extent that Plaintiff's Prayer for Relief contains any allegations to which a response is required, OCSD denies each and every allegation contained therein.

## GENERAL DENIAL

OCSD denies each and every allegation in the FAC that has not otherwise been expressly admitted, qualified, or denied.

## OCSD'S AFFIRMATIVE DEFENSES

In addition to the foregoing responses to the FAC, and without admitting any allegations therein, OCSD asserts the following affirmative defenses based on information and belief:

### FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts Sufficient to Constitute a Cause of Action)**

The FAC fails in whole or in part to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The causes of action are time-barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiff lacks standing to assert some or all of the claims set forth in the FAC.

### FOURTH AFFIRMATIVE DEFENSE

**(Inadequate Remedy at Law)**

The Court should dismiss the FAC because Plaintiff has an adequate remedy at law.

### FIFTH AFFIRMATIVE DEFENSE

**(Estoppel, Laches, Unclean Hands, Waiver)**

The FAC, all causes of action therein and relief requested, are barred by the equitable doctrines of estoppel, laches, unclean hands, and/or waiver.

### SIXTH AFFIRMATIVE DEFENSE

**(Failure to mitigate)**

Plaintiff has failed to mitigate damages.

///

## SEVENTH AFFIRMATIVE DEFENSE
### (Abstention)

The FAC, all causes of action, and the relief requested therein, are barred by the doctrine of abstention.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust)

Plaintiff has failed to exhaust administrative remedies.

## NINTH AFFIRMATIVE DEFENSE
### (Compliance with Law)

Plaintiff's claims fail because OCSD has complied with all applicable federal, state, and local laws and regulations and acted justifiably, reasonably, and in good faith in doing so.

## TENTH AFFIRMATIVE DEFENSE
### (Ripeness)

The FAC is barred in whole or in part by the fact that the controversy alleged therein is premature and not ripe for review.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Subject Matter Jurisdiction)

This Court lacks subject matter jurisdiction to consider Plaintiff's claims or to grant the relief sought in the FAC.

## TWELFTH AFFIRMATIVE DEFENSE
### (Mootness)

Plaintiff's claims are moot.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Cognizable Cause of Action)

Plaintiff has failed to allege a cognizable cause of action for his claims.

///
///

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Deprivation of Constitutional Right)

The allegations in the FAC do not rise to a level of deprivation of rights which are protected by the Constitution or any of the legal provisions referred to in the FAC.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Speculation/Insufficient Evidence)

The allegations contained in the FAC regarding Plaintiff's claims for declaratory and injunctive relief are based upon mere speculation and insufficient evidence that any future harm complained of will or will not occur.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Irreparable Harm)

The allegations contained in the FAC regarding Plaintiff's claims for declaratory and injunctive relief do not show or allege the sufficient likelihood of the existence of immediate or irreparable injury.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Likelihood of Success on the Merits)

The allegations contained in the FAC regarding Plaintiff's claims for declaratory and injunctive relief do not show or allege sufficient evidence of the existence of a reasonable likelihood of success on the merits.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Qualified Immunity)

OCSD is entitled to qualified immunity since there is no constitutional violation on the facts alleged, the applicable law was not clearly established, and reasonable officials in OCSD's position could have believed their conduct was lawful.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Eleventh Amendment Immunity)

OCSD is immune from liability under the Eleventh Amendment to the Constitution of the United States.

## TWENTIETH AFFIRMATIVE DEFENSE
## (Exercise of Due Care)

Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (Exercise of Discretion)

Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
## (Reasonableness)

OCSD's actions in all respects, including the actions of any of their employees, were reasonable, proper and legal.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
## (Reservation of Rights)

OCSD has not knowingly or intentionally waived any applicable affirmative defense. OCSD reserves the right to assert and rely upon other such defenses as may become available or apparent during discovery proceedings or as may be raised or asserted by others in this case, and to amend the Answer and/or affirmative defenses accordingly. OCSD further reserves the right to amend the Answer to delete affirmative defenses that they determine are not applicable after subsequent discovery.

///
///
///
///
///
///
///

# **PRAYER FOR RELIEF**

WHEREFORE, OCSD prays for judgment against the Plaintiff as follows:

1. That the FAC be dismissed with prejudice and that Plaintiff takes nothing by way of it;
2. That OCSD be awarded costs, including reasonable attorneys' fees pursuant to the applicable laws and the Federal Rules of Civil Procedure;
3. That judgment be entered in favor of OCSD on all claims for relief; and
4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED: September 20, 2024

Respectfully submitted,

LEON J. PAGE, COUNTY COUNSEL
KAYLA N. WATSON, SENIOR DEPUTY
CAROLYN KHOUZAM, DEPUTY

By  */s/ Kayla N. Watson*
Kayla N. Watson, Senior Deputy
Attorneys for Defendant
ORANGE COUNTY SHERIFF'S DEPARTMENT